IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERRI R. LOWE, | § | |
|     Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 3:17-CV-00704-G-BN |
| DALLAS POLICE DEPARTMENT, et al., | § | |
|     Defendants. | § | |
| | § | |

# DEFENDANT CITY OF DALLAS'S MOTION PURSUANT TO RULE 12(b)(6) TO DISMISS PLAINTIFF'S CLAIMS ALLEGED AGAINST IT IN PLAINTIFF'S FIRST AMENDED COMPLAINT, AND BRIEF IN SUPPORT

Larry E. Casto
Dallas City Attorney

James C. Butt
Senior Assistant City Attorney
Texas Bar No. 24040354
james.butt@dallascityhall.com

Tatia R. Wilson
Senior Assistant City Attorney
Texas Bar No. 00795793
tatia.wilson@dallascityhall.com

City Attorney's Office
1500 Marilla Street, Room 7D North
Dallas, Texas 75201
Telephone:    214-670-3519
Telecopier:    214-670-0622

Attorneys for Defendant City of Dallas

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................2

I.      SUMMARY OF MOTION.......................................................................5

II.     ARGUMENT AND AUTHORITIES REQUIRING DISMISSAL....................................6

        A.      Applicable Legal Standards for Rule 12(b)(6) Motions .........................6

                1.      The standard for dismissal under Rule 12(b)(6):  does the
                        complaint state a valid claim for relief?....................................6

                2.      A complaint must state sufficient non-conclusory facts to
                        permit the reasonable inference that the defendant is liable. .....................7

        B.      The Complaint Fails to Plead a Plausible Equal Protection Claim and
                Conspiracy Claim Under § 1985..............................................................9

        C.      Plaintiff's Complaint Fails to Plead a Plausible Claim for Relief
                Against the City Under 42 U.S.C. § 1983.............................................10

                1.      Municipal liability under section 1983 generally ......................10

                2.      Plaintiff's factual allegations regarding *Monell* liability ..........................12

                3.      Plaintiff fails to plead sufficiently the existence of an official
                        City policy....................................................................................13

                4.      Plaintiff fails to plead sufficiently that the City's customers were
                        the "moving force" and actual cause of her damages. ...............................15

        D.      Plaintiff Fails to Plead a Plausible Due Process Claim...........................15

        E.      Plaintiff Is Not Entitled to Declaratory and Injunctive Relief. .............16

        F.      Plaintiff Is Not Entitled to Damages on Her State Law Claims. ...........................18

III.    CONCLUSION..................................................................................19

        CERTIFICATE OF SERVICE ..............................................................................21

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Sherri R. Lowe v. City of Dallas et al.*, Civil Action No. 3:17-CV-00704-G-BN            Page 1

# TABLE OF AUTHORITIES

## CASES

*Albright v. Oliver*,
510 U.S. 266 (1994) ................................................................................................ 15

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) ......................................................................................... 4, 5

*Baker v. Putnal*,
75 F.3d 190 (5th Cir. 1996) ..................................................................................... 3

*Baskin v. Parker*,
602 F.2d 1205 (5th Cir. 1979) ................................................................................. 8

*Bd. of Comm'rs v. Brown*,
520 U.S. 397 (1997) .................................................................................................. 8

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ....................................................................... 3, 4, 5, 10, 11, 13, 14

*Bennett v. City of Slidell*,
728 F.2d 762 (5th Cir. 1984) ................................................................................... 9

*Bennett v. City of Slidell*,
728 F.2d 762 (5th Cir. 1994) ................................................................................. 12

*City of Austin v. L.S. Ranch, Ltd.*,
970 S.W.2d 750 (Tex. App.–Austin 1998, no pet.) ............................................. 18

*City of Austin v. L.S. Ranch, Ltd.*,
970 S.W.2d 750 (Tex. App.–Austin 1998, no pet.) ............................................. 18

*City of Cleburne, Texas v. Cleburne Living Center, Inc.*,
473 U.S. 432 (1985) .................................................................................................. 6

*Conley v. Gibson*,
355 U.S. 41 (1957) .................................................................................................... 4

*Conn v. Gabbert*,
526 U.S. 286 (1999) ................................................................................................ 15

*Estate of Davis ex rel. McCully v. City of North Richland Hills*,
406 F.3d 375 (5th Cir. 2005) ........................................................................... 10, 13

*Fernandez-Montes v. Allied Pilots Ass'n*,
987 F.2d 278 (5th Cir. 1993) ................................................................................... 3

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Sherri R. Lowe v. City of Dallas et al.*, Civil Action No. 3:17-CV-00704-G-BN                    Page 2

*Fraire v. City of Arlington,*
   957 F.2d 1268 (5th Cir. 1992) ...................................................................... 12, 13

*Fraire v. City of Arlington,*
   957 F.3d 1267 (5th Cir. 1992) ............................................................................ 12

*Graham v. Conner,*
   490 U.S. 386 (1989).......................................................................................... 15

*Hilliard v. Ferguson,*
   30 F.3d 649 (5th Cir. 1994) .................................................................................. 8

*Hughes v. Tobacco Inst., Inc.,*
   278 F.3d 417 (5th Cir. 2001) ................................................................................ 3

*Jackson v. Procunier,*
   789 F.2d 307 (5th Cir. 1986) ................................................................................ 2

*Johnson v. Rodriguez,*
   110 F.3d 299 (5th Cir. 1997) ................................................................................ 6

*Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,*
   677 F.2d 1045 (5th Cir. 1982) .............................................................................. 3

*Languirand v. Hayden,*
   717 F.2d 220 (5th Cir. 1983) .............................................................................. 13

*Lockett v. New Orleans City,*
   607 F.3d 992 (5th Cir. 2010) ................................................................................ 8

*Mississippi Power & Light Co. v. United Gas Pipe Line Co.,*
   760 F.2d 618 (5th Cir. 1985) .............................................................................. 17

*Montoya v. FedEx Ground Package System, Inc.,*
   614 F.3d 145 (5th Cir. 2010) ................................................................................ 7

*Morin v. Caire,*
   77 F.3d 116 (5th Cir. 1996) .................................................................................. 3

*Parratt v. Taylor,*
   451 U.S. 527 (1981).......................................................................................... 16

*Pedraza v. Meyer,*
   919 F.2d 317 (5th Cir. 1990) ................................................................................ 7

*Pineda v. City of Houston,*
   175 S.W.3d 276 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ........................... 19

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Sherri R. Lowe v. City of Dallas et al.*, Civil Action No. 3:17-CV-00704-G-BN                    Page 3

*Piotrowski v. City of Houston*,
    237 F.3d 567 (5th Cir. 2001) .......................................................................... 8, 9, 10, 12, 14

*Priester v. Lowndes County,*
    354 F.3d 414 (5th Cir. 2004) .......................................................................... 6

*Prince v. Curry*,
    No. 4:09cv739-A, 2010 WL 1062611 (N.D. Tex. Mar. 22, 2010) ........................................ 14

*Smith v. Brenoettsy*,
    158 F.3d 908 (5th Cir. 1998) .......................................................................... 10, 13

*Spiller v. City of Texas City*,
    130 F.3d 162 (5th Cir. 1997) .......................................................................... 12, 14

*State of Texas v. Seatrain Int'l*,
    518 F.2d 175 (5th Cir. 1975) .......................................................................... 17

*Taylor v. Johnson*,
    257 F.3d 470 (5th Cir. 2001) .......................................................................... 6

*Texas Ass'n. of Bus. v. Texas Air Control Bd.*,
    852 S.W.2d 440 (Tex. 1993).......................................................................... 18

*United States v. Lanier*,
    520 U.S. 259 (1997).......................................................................... 15

*Valle v. City of Houston*,
    613 F.3d 536 (5th Cir. 2010) .......................................................................... 14

*Washington v. United States Dep't of Hous. & Urban Dev.*,
    953 F. Supp. 762 (N.D. Tex. 1996) .......................................................................... 2

*Webster v. City of Houston*,
    735 F.2d 838 (5th Cir. 1984) .......................................................................... 9, 10, 11, 13

**RULES**

Fed. R. Civ. P. 1 .......................................................................... 4

Fed. R. Civ. P. 12(b)(6).......................................................................... 1, 2, 3

Fed. R. Civ. P. 8(a)(2).......................................................................... 5

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Sherri R. Lowe v. City of Dallas et al.*, Civil Action No. 3:17-CV-00704-G-BN      Page 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERRI R. LOWE, | § | |
|     Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 3:17-CV-00704-G-BN |
| DALLAS POLICE DEPARTMENT, et al., | § | |
|     Defendants. | § | |
| | § | |

**DEFENDANT CITY OF DALLAS'S MOTION PURSUANT TO RULE 12(b)(6)
TO DISMISS PLAINTIFF'S CLAIMS ALLEGED AGAINST IT
IN PLAINTIFF'S FIRST AMENDED COMPLAINT, AND BRIEF IN SUPPORT**

TO THE HONORABLE COURT:

Defendant City of Dallas (the "City"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, files this motion to dismiss the claims alleged against it in Plaintiff's Tort (1st Amended) (First Amended Complaint (the "Complaint")) (ECF #7).

## I.    SUMMARY OF MOTION

Plaintiff pleads federal claims against the City pursuant to 42 U.S.C. §§ 1983, 1985, and tort claims under Texas law from an incident on March 8, 2016 in which unidentified Dallas Police Department officers ("the Officers) allegedly detained her and took her to Green Oaks Hospital.[1]

The City is entitled to dismissal of the federal claims of equal protection and due process pleaded against it because Plaintiff fails to plead facts sufficient to state a plausible claim. Plaintiff's well-pleaded factual allegations do not permit this Court to draw a reasonable inference that the City is liable for its police officers' alleged wrongdoing, and Plaintiff's

---

[1] To the extent that Plaintiff premises any claims on her earlier detention of March 26, 2013, the City asserts a defense of limitations, and would move to dismiss those claims on that ground.

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Sherri R. Lowe v. City of Dallas et al.*, Civil Action No. 3:17-CV-00704-G-BN    Page 5

Complaint omits allegations necessary to render plausible the municipal liability claims based upon an alleged City custom. Plaintiff's allegations as to the City are conclusory assertions of misconduct which are "merely consistent with" municipal liability, and as a matter of law are insufficient to support liability. For these reasons, the City is entitled to dismissal because Plaintiff fails to plead a claim upon which relief can be granted.

The City is also entitled to dismissal of Plaintiff's claims for equitable relief as she fails to show any basis in fact or law for such relief.

The City is entitled to dismissal of the claims based upon state law because the City has governmental immunity, and Plaintiff has not pleaded a waiver of immunity under the Texas Tort Claims Act.

## II.     ARGUMENT AND AUTHORITIES REQUIRING DISMISSAL

### A.     Applicable Legal Standards for Rule 12(b)(6) Motions

#### 1.     The standard for dismissal under Rule 12(b)(6):  does the complaint state a valid claim for relief?

Rule 12(b)(6) provides for dismissal of a claim if the complaint fails to state a claim upon which relief can be granted. *Washington v. United States Dep't of Hous. & Urban Dev.*, 953 F. Supp. 762, 768 (N.D. Tex. 1996). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint, and such a motion must be evaluated solely on the basis of the pleadings. *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *see also Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (internal quotations omitted).

There are two primary considerations for a court's analysis of the propriety of a motion to dismiss under Rule 12(b)(6). First, the allegations contained in the complaint are to be construed

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Sherri R. Lowe v. City of Dallas et al.*, Civil Action No. 3:17-CV-00704-G-BN          Page 6

in the plaintiff's favor and all *well-pleaded* facts are to be accepted as true.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Washington*, 953 F. Supp. at 768.  However, conclusory statements in a complaint are not to be accorded a presumption of truth.  *Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Washington*, 953 F. Supp at 768.  Therefore, conclusory allegations and legal conclusions masquerading as factual assertions are not adequate to prevent dismissal for failure to state a claim.  *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Second, the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), that the factual allegations in a complaint must be specific enough to raise a right to relief above the speculative level on the assumption that all of the allegations are true.  *Twombly*, 550 U.S. at 555 (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)).  That is, it is no longer sufficient that relief could be granted under some theoretical set of facts consistent with a complaint's allegations, which was the familiar standard the Supreme Court established in *Conley*.  Rather, under *Twombly*, plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  Therefore, to survive a motion to dismiss made pursuant to Rule 12, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.*

### 2.    A complaint must state sufficient non-conclusory facts to permit the reasonable inference that the defendant is liable.

The Supreme Court clarified the scope and application of *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  *Iqbal* makes clear that the *Twombly* decision was based upon the Supreme Court's interpretation and application of Rule 8, which "governs the pleading standard 'in all civil actions and proceedings in the United States district courts.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 554 and applying Fed. R. Civ. P. 1).  Therefore, *Twombly's* (and *Iqbal's*)

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Sherri R. Lowe v. City of Dallas et al.*, Civil Action No. 3:17-CV-00704-G-BN                         Page 7

requirements apply to Plaintiff's allegations against the City in this case.

The legal foundation of this motion is set out in section IV-A of the opinion of the Court in *Iqbal*.  In summary, *Iqbal* held that the following standards apply when evaluating the sufficiency of any federal complaint:

- The Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678(citing *Twombly*, 550 U.S. at 555).

- A complaint must be plausible on its face.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  (citing *Twombly*, 550 U.S. at 556).

- "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.*  (citing *Twombly*, 550 U.S. at 555).

- A complaint is insufficient if it merely tenders "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (citing *Twombly*, 550 U.S. at 557).

The *Iqbal* Court stated that its decision in *Twombly* was supported by two principles, from which the foregoing standards were derived.  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 663. Thus, and critically, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).  Second, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'"  *Id.* at 677 (applying Fed. R. Civ. P. 8(a)(2) (requiring " a short and plain statement of the claim showing the pleader is entitled to relief[.]").  Thus, *Iqbal* directs that a district court considering a motion to dismiss "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Id.* at 665.  Such conclusions are not "well-pleaded" factual allegations, and do not give rise to a plausible claim

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Sherri R. Lowe v. City of Dallas et al.*, Civil Action No. 3:17-CV-00704-G-BN                    Page 8

to relief.

**B.**     **The Complaint Fails to Plead a Plausible Equal Protection Claim and Conspiracy Claim Under § 1985.**

The Equal Protection Clause requires that similarly-situated persons be treated alike. *City of Cleburne, Texas v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985)  To state a claim of racial discrimination under the Equal Protection Clause, a plaintiff must allege that he was treated differently than other similarly-situated individuals and that the unequal treatment stemmed from a discriminatory purpose.   *Priester v. Lowndes County,* 354 F.3d 414, 424 (5th Cir. 2004). A discriminatory purpose "implies that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Taylor v. Johnson,* 257 F.3d 470, 473 (5th Cir. 2001). Plaintiff's pleadings, even when liberally construed in light of her *pro se* status, fail to allege that Dallas police officers treated her differently than other similarly-situated individuals. *Johnson v. Rodriguez*, 110 F.3d 299, 309 (5th Cir. 1997) (quoted case omitted) (equal protection violation "'occurs only when, *inter alia*, the governmental action in question classifies between two or more relevant persons or groups'"). In addition, Plaintiff fails to identify any similarly-situated individuals who were not African Americans who were treated more favorably by Dallas police officers.  She presents nothing more than general, conclusory allegations based on her own personal impressions, which is inadequate to survive a motion to dismiss. *Iqbal*, 129 S.Ct. at 1949; *Collins*, 224 F.3d at 498; *see Pedraza v. Meyer,* 919 F.2d 317, 318 n.1 (5th Cir. 1990) (holding that vague and conclusory allegations that one's equal protection rights have been violated are insufficient to raise an equal protection claim).

The Plaintiff also alleges in her Complaint that the Court has original jurisdiction under 42 U.S.C. § 1985. (Complaint at PageID 17).  Part of the Civil Rights Act of 1871, 42 U.S.C. §

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Sherri R. Lowe v. City of Dallas et al.*, Civil Action No. 3:17-CV-00704-G-BN                    Page 9

1985 creates a private civil remedy for three prohibited forms of conspiracy to interfere with civil rights.  Subsection (1) prohibits conspiracies to prevent federal officers from performing the duties of their offices "by force, intimidation, or threat;" Subsection (2) concerns conspiracies directed at the right of participation in federal judicial proceedings, and Subsection (3) prohibits conspiracies to "depriv[e] . . . any person or class of persons the equal protection of the laws." *Montoya v. FedEx Ground Package System, Inc.,* 614 F.3d 145, 149 (5th Cir. 2010).  Because Plaintiff alleges elsewhere in her Complaint that she was deprived of equal protection of the law, the City assumes that her alleged § 1985 conspiracy claim is brought pursuant to Subsection (3).

To state a claim under § 1985(3), a plaintiff must allege facts demonstrating (1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or a deprivation of any right or privilege of a citizen of the United States. *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010) (citing *Hilliard v. Ferguson,* 30 F.3d 649, 652–53 (5th Cir. 1994). Additionally, the conspiracy must also have a racially based animus. *Hilliard*, 30 F.3d at 653. Here, the Plaintiff has wholly failed to allege the essential facts necessary to establish a valid claim under § 1985(3).  Therefore, Plaintiff's § 1985 claim fails as a matter of law and must be dismissed.

**C.    Plaintiff's Complaint Fails to Plead a Plausible Claim for Relief Against the City Under 42 U.S.C. § 1983.**

**1.    Municipal liability under section 1983 generally**

A plethora of cases have expounded upon the legal standards for imposing liability on a municipality under section 1983.  The settled rule is that a municipality cannot be liable under a theory of respondeat superior.  *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Bd. of Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)).  Isolated unconstitutional actions

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Sherri R. Lowe v. City of Dallas et al.*, Civil Action No. 3:17-CV-00704-G-BN                    Page 10

by municipal employees will almost never trigger municipal liability.  *Piotrowski*, 237 F.3d at 578 (citing *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984)).  Rather, and as the Fifth Circuit emphasized in *Piotrowski*, to hold the City liable under section 1983 a plaintiff must establish that the municipality's "official policy" – not the policy of an individual city official – was the "moving force" and *actual cause* of the loss of constitutional rights and any resultant harm.  *Piotrowski*, 237 F.3d at 578.  Thus, a plaintiff must prove three elements to fasten liability to a municipality:   a policymaker; an official policy; and a violation of constitutional rights whose actual cause and "moving force" is the policy or custom.  *Id.*

The *Piotrowski* court reiterated that, while a municipality's official policy "is ordinarily contained in duly promulgated policy statements, ordinances, or regulations," it may arise from a *custom*, previously defined by the Fifth Circuit in *Webster v. City of Houston* as:

> a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy.

*Piotrowski*, 237 F.3d at 579 (citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)).  However, it is not sufficient that a plaintiff simply plead the raw assertion that there was a custom having the force of municipal policy.  *Piotrowski* requires the plaintiff to specifically identify the official policy (custom) that is alleged to have caused the constitutional harm:

> It follows that that each and any policy which allegedly caused constitutional violations must be specifically identified by a plaintiff, and it must be determined whether each one is facially constitutional or unconstitutional.

*Piotrowski*, 237 F.3d at 579-80.   As will be shown below, Plaintiff's Complaint does not specifically identify the City "policy" (as defined by *Webster*) alleged to be the moving force and actual cause of Plaintiff's alleged equal protection claim.

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Sherri R. Lowe v. City of Dallas et al.*, Civil Action No. 3:17-CV-00704-G-BN                    Page 11

Furthermore, municipal liability under section 1983 can only arise from a custom having the force of official policy if the municipal policymakers were deliberately indifferent to the "'known or obvious consequences' that constitutional violations would result." *Piotrowski*, 237 F.3d at 579.  Countless Fifth Circuit decisions have explained that deliberate indifference imposes a strict standard of fault.  For example, in *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375 (5th Cir. 2005), the Fifth Circuit held that "[f]or an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Davis*, 406 F.3d at 381 (citing *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998) (internal quotation marks and citations omitted).  Thus, a sufficient complaint must provide adequate "factual content" to make deliberate indifference by the City's official policymakers not merely conceivable, but plausible in the context of the facts alleged.  *See Iqbal*, 556 U.S. at ??? (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

### 2.   Plaintiff's factual allegations regarding *Monell* liability

Plaintiff pleads her assertions regarding the City's alleged liability in paragraph 27 of her Complaint:

> 27.   The above-described conduct by defendants deprived Plaintiff of equal protection of the laws that resulted in injury and is recurring as to tend to show that the defendants' inaction was conscious and deliberate, amounting to "deliberate indifference" to the consequences of its inaction. The above-described conduct by Defendants violated the right of Plaintiff not to be deprived of equal protection of the laws on the basis of race under the Fourteenth Amendment to the United States Constitution (Art. XIV, U.S. Constitution).

(Complaint at PageID 19.)

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Sherri R. Lowe v. City of Dallas et al.*, Civil Action No. 3:17-CV-00704-G-BN          Page 12

Clearly, Plaintiff's equal protection allegations fall squarely within that class of conclusory allegations described by the Supreme Court in *Twombly* and *Iqbal* as "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Plaintiff fails to plead any *facts* on which this Court could make a reasonable inference of a "persistent, widespread practice" by Dallas police officers of equal protection violations or unlawful seizures. Therefore, Plaintiff fails to plead non-conclusory facts that permit an inference of the existence of an unconstitutional City policy under either of the two *Webster* definitions of "official policy." *Webster*, 735 F.2d at 841.

### 3. Plaintiff fails to plead sufficiently the existence of an official City policy.

The second of the three attribution principles for municipal liability under section 1983 is the existence of an official policy. *See Piotrowski*, 237 F.3d at 578. The Complaint is woefully deficient in this respect. Plaintiff's failure to identify the operative City customs renders the Plaintiff's claim implausible. In *Spiller v. City of Texas City*, 130 F.3d 162 (5th Cir. 1997), the Fifth Circuit stated that "[t]he description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." *Spiller*, 130 F.3d at 167 (citing *Fraire v. City of Arlington*, 957 F.3d 1267, 1277 (5th Cir. 1992) (requiring section 1983 plaintiffs to plead "specific facts, not merely conclusory allegations.")). Therefore, Plaintiff fails to plead a plausible claim as to the City.

Second, Plaintiff fails to plead any *facts* on which this Court could make a reasonable inference of a "persistent, widespread practice" of unlawful seizures, the use of excessive force, or the deprivation of amorphous "rights to substantive due process." Plaintiff's allegations do not describe a "persistent, widespread practice" that is "so well-settled as to constitute a custom that fairly represents municipal policy." Plaintiff fails to plead any facts whatsoever of any other

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Sherri R. Lowe v. City of Dallas et al.*, Civil Action No. 3:17-CV-00704-G-BN                    Page 13

instances of similar seizures.   ("Allegations of an isolated incident are not sufficient to show the existence of a custom or policy.   'Isolated violations are not the persistent, often repeated constant violations that constitute custom and policy.'") (quoting *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1994)).   Rather, "[t]o demonstrate a municipal custom or policy under § 1983, a plaintiff must at least allege:"

> a pattern of similar incidents in which citizens were injured or endangered
> by intentional or negligent police misconduct and/or that serious incompe-
> tence or misbehavior was general or widespread throughout the police
> force.

*Fraire*, 957 F.2d at 1278 (quoting *Languirand v. Hayden*, 717 F.2d 220, 227 (5th Cir. 1983)).

Third, the Plaintiff pleads no facts which, if true, would permit a reasonable inference that the City's final policymakers – the Dallas City Council – was deliberately indifferent to a known or obvious risk that the City's alleged customs would result in the deprivations of federal rights that the Plaintiff alleges.   Where a plaintiff pleads that a custom caused the deprivation of his rights, the plaintiff must show that the municipal policymakers were deliberately indifferent to that risk.   *See, e.g.*, *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) ("[f]or an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.") (internal quotation marks and citations omitted) (citing *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998).   But here, the Plaintiff pleads no facts that would permit such an inference.   (*See* Complaint.)

Clearly, the Plaintiff's allegations fall squarely within that class of conclusory allegations described by the Supreme Court in *Twombly* and *Iqbal* as "'naked assertion[s]' devoid of 'further factual enhancement.'"   *Iqbal*, 556 U.S. at 1949 (quoting *Twombly*, 550 U.S. at 557).   Therefore, the Court should dismiss the Plaintiff's claims against the City for lack of facial plausibility.

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Sherri R. Lowe v. City of Dallas et al.*, Civil Action No. 3:17-CV-00704-G-BN                    Page 14

4. **Plaintiff fails to plead sufficiently that the City's customs were the "moving force" and actual cause of her damages.**

The third of the three attribution principles for municipal liability under section 1983 is that the municipality's official policy was "moving force" and actual cause of the deprivations of federal rights alleged. *See Piotrowski*, 237 F.3d at 578. As to causation, Plaintiff fails to state any facts. (Complaint at PageID 19.) Thus, her allegations are plainly insufficient to state a plausible claim.

"The allegation of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory, but must contain specific facts." *Prince v. Curry*, No. 4:09cv739-A, 2010 WL 1062611, at *3 (N.D. Tex. Mar. 22, 2010) (citing *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997)). Further, a "but for" connection to the deprivation of rights is not sufficient to satisfy the causation element. *See, e.g., Valle v. City of Houston*, 613 F.3d 536, 546 (5th Cir. 2010) ("We have said that the connection must be more than a mere 'but for' coupling between cause and effect. Because Plaintiff pleads no facts that would permit the Court to make a reasonable inference that the City's undefined policies and customs were the "moving force" and actual cause of the alleged misconduct, Plaintiff has failed to state a plausible claim. Therefore, the Court should dismiss those claims.

In sum, Plaintiff's pleadings fail to contain sufficient factual content to meet any of the three elements of § 1983 municipal liability claim. For all of these reasons, the Court should grant this motion and dismiss Plaintiff's claims against the City pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can by granted.

**D.     Plaintiff Fails to Plead a Plausible Due Process Claim.**

Any Fourteenth Amendment claim relating to Plaintiff's seizure or the force used against her fails because the Fourth Amendment is the textual source of constitutional protection from

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Sherri R. Lowe v. City of Dallas et al.*, Civil Action No. 3:17-CV-00704-G-BN                    Page 15

unreasonable seizures, searches, and pre-trial use of excessive force.   *Graham v. Conner*, 490 U.S.386, 395 (1989); *Conn v. Gabbert*, 526 U.S. 286, 293 (1999).   In *Albright v. Oliver*, 510 U.S. 266 (1994), the Supreme Court held that "it is the Fourth Amendment, not substantive due process" that addresses claims arising from a pretrial deprivation of liberty."  *Albright*, 510 U.S. at 271.   In *United States v. Lanier*, 520 U.S. 259 (1997), the Supreme Court reiterated that a substantive due process claim may not be maintained when a specific constitutional provision (here, the Fourth Amendment) protects the right allegedly violated.  *Lanier*, 520 U.S. at 272 n.7.

To the extent that Plaintiff attempts to assert a procedural due process claim under the Four-teenth Amendment, that course is foreclosed by *Parratt v. Taylor*, 451 U.S. 527 (1981).   In *Parratt*, the Supreme Court held that, where state law provides an adequate post-deprivation remedy, a plaintiff is barred from claiming, through section 1983, a procedural due process violation.  Texas provides an adequate post-deprivation remedy for wrongful seizure (arrest) in the form of a claim for false arrest or imprisonment, a remedy for the use of unlawful force in the form of a claim for assault, and a remedy for a knowingly wrongful prosecution in the form of a claim for malicious prosecution.   For these reasons, the Court should dismiss Plaintiff's Fourteenth Amendment claim under Rule 12(b)(6) insofar as Plaintiff attempts to assert a due process claim relating to her seizure or the force used against her.

**E.    Plaintiff Is Not Entitled to Declaratory and Injunctive Relief.**

Plaintiff's request for injunctive and declaratory relief asserted in her Fourteenth Claim for Relief should be dismissed because, as noted above, she has not sufficiently stated a claim that the City of Dallas had an unconstitutional policy or custom which led to the violation of her equal protection rights.  Further, to the extent Plaintiff asserts the basis of her claim to be Texas Health & Safety Code § 573.011 which addresses an individual adult's application for the

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Sherri R. Lowe v. City of Dallas et al.*, Civil Action No. 3:17-CV-00704-G-BN                    Page 16

emergency detention of another, the claim fails because the statute clearly does not apply to a municipality.  The statute provides:

> a) An adult may file a written application for the emergency detention of another person.
> (b) The application must state:
> (1) that the applicant has reason to believe and does believe that the person evidences mental illness;
> (2) that the applicant has reason to believe and does believe that the person evidences a substantial risk of serious harm to himself or others;
> (3) a specific description of the risk of harm;
> (4) that the applicant has reason to believe and does believe that the risk of harm is imminent unless the person is immediately restrained;
> (5) that the applicant's beliefs are derived from specific recent behavior, overt acts, attempts, or threats;
> (6) a detailed description of the specific behavior, acts, attempts, or threats; and
> (7) a detailed description of the applicant's relationship to the person whose detention is sought.
> (c) The application may be accompanied by any relevant information.

In order to be entitled to injunctive relief, Plaintiff must demonstrate that (1) she has a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-movant; and (4) the injunction would not be adverse to the public interest. *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). "A preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant has clearly established the burden of persuasion of . . .the four prerequisites to such relief." *State of Texas v. Seatrain Int'l*, 518 F.2d 175, 179 (5th Cir. 1975).

In this case, Plaintiff's request for an injunction should be dismissed because she has not even specified the nature of the injunctive relief she seeks and thus has not carried her burden of demonstrative the requisites for relief.  *Id.*

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Sherri R. Lowe v. City of Dallas et al.*, Civil Action No. 3:17-CV-00704-G-BN                         Page 17

**F.     Plaintiff Is Not Entitled to Damages on Her State Law Claims.**

In her Third Claim for Relief, Plaintiff asserts a claim based upon negligence.  With respect to negligence claims, the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code § 101.001, et seq. waives the state's sovereign immunity from suits arising both from:  (1) the negligent conduct of an employee if property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or equipment if the employee would be personally liable to the claimant; and (2) from injuries caused by a condition or use of tangible personal property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.  *See,* Tex. Civ. Prac. & Rem. Code § 101.021.  Neither of these waivers is available to Plaintiff in this case.

When a suit is barred by sovereign immunity, the trial court lacks subject-matter jurisdiction, and dismissal with prejudice is proper.  *See*, *City of Austin v. L.S. Ranch, Ltd.*, 970 S.W.2d 750, 752 (Tex. App.–Austin 1998, no pet.).

The Texas Supreme Court has held that a plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject-matter jurisdiction.  *See, Texas Ass'n. of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).  Here, Plaintiff fails to allege facts which, if true, would effect a waiver of the City's sovereign immunity from suit.  (*See* Petition.)

In her Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Claims for Relief, Plaintiff pleads numerous claims based upon intentional conduct:  false imprisonment, intentional infliction of emotional distress, assault, battery, misappropriation, defamation, slander, libel, and systematic terrorism.  (Complaint PageID 20-22).   Although Plaintiff does not specify, the City interprets these claims to be based upon state law.  While the Texas Tort

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Sherri R. Lowe v. City of Dallas et al.*, Civil Action No. 3:17-CV-00704-G-BN                    Page 18

Claims Act provides that immunity from suit is waived for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law", section 101.057(2) of provides that the waiver in the Act does not apply to a claim "arising out of assault, battery, false imprisonment, or any other intentional tort." TEX. CIV. PRAC. & REM. CODE §§ 101.021(2), 101.057(2).    "If a plaintiff pleads facts which amount to an intentional tort, no matter if the claim is framed as negligence, the claim generally is for an intentional tort and is barred by the [Texas Tort Claims Act]." *Pineda v. City of Houston*, 175 S.W.3d 276, 282 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

The City has not waived immunity under the Tort Claims Act for such claims.  Therefore, Plaintiff has failed to plead a waiver of governmental immunity.  Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's pleadings.

### III.    CONCLUSION

Plaintiff's allegations in her live Complaint do not state a plausible claim for relief under 42 U.S.C. § 1983 or the Fourteenth Amendment for violation of her equal protection rights. Plaintiff's allegations are vague and conclusory, and do not provide factual content beyond labels, conclusions, and a formulaic recitation of the minimal elements of § 1983 municipal liability claim.  Plaintiff fails to allege any facts that allow a reasonable inference that any City custom having the force of official policy was the moving force and actual cause of her alleged injuries.  As a result of the lack of factual content in the Plaintiff's Complaint, her §§ 1983 and 1985 claims lack facial plausibility because the Court cannot draw the reasonable inference that the City is liable for any damages that Plaintiff alleges.

Similarly, Plaintiff's due process claim lacks factual support and must be denied.

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Sherri R. Lowe v. City of Dallas et al.*, Civil Action No. 3:17-CV-00704-G-BN                    Page 19

Plaintiff has failed to show entitlement to any equitable relief, and the City requests dismissal of her claims for injunctive and declaratory relief.

Finally, Plaintiff has failed to plead a cognizable claim under state law; thus, this Court must dismiss her claims based upon state law.

WHEREFORE, Defendant City of Dallas prays that the Court grant its motion to dismiss Plaintiff's claims against it, and that the Court grant the City all such other and further relief to which the City is entitled consistent with this motion.

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Sherri R. Lowe v. City of Dallas et al.*, Civil Action No. 3:17-CV-00704-G-BN                    Page 20

Respectfully submitted,

/s/James C. Butt
Senior Assistant City Attorney
Texas Bar No. 24040354
james.butt@dallascityhall.com

Tatia R. Wilson
Senior Assistant City Attorney
Texas Bar No. 00795793
tatia.wilson@dallascityhall.com

City Attorney's Office
1500 Marilla Street, Room 7D North
Dallas, Texas 75201
Telephone:      214-670-3519
Telecopier:     214-670-0622

ATTORNEYS FOR THE DEFENDANT CITY OF DALLAS

## CERTIFICATE OF SERVICE

I certify that on 27 April 2017, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:  none.

*VIA U.S. Mail*
Sherri R. Lowe
P. O. Box 397954
Dallas, Texas 75339
*Plaintiff pro se*

/s/ James C. Butt
Senior Assistant City Attorney

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Sherri R. Lowe v. City of Dallas et al.*, Civil Action No. 3:17-CV-00704-G-BN                Page 21