IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERRI R. LOWE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-704-G-BN |
| | § | |
| DALLAS POLICE DEPARTMENT, ET AL., | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. Although Plaintiff Sherri R. Lowe is proceeding *pro se*, she has paid the statutory filing fee to initiate this civil rights action and, as such, has taken responsibility for serving the defendants, *see* Dkt. No. 6, some of whom have appeared and responded to her complaint, *see, e.g.,* Dkt. Nos. 11 & 12 (motions to dismiss filed by the City of Dallas and its police department). Lowe now moves for default judgment against Defendant Texas State Legislature. *See* Dkt. Nos. 37 & 39. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court deny that motion.

**Legal Standards and Analysis**

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. *See* FED. R. CIV. P. 55(a).

"This first step, entry of default, is a ministerial matter performed by the clerk and is a prerequisite to a later default judgment." *Am. S. Ins. Co. v. Buckley*, No. 1:09-CV-723, 2010 WL 5654105, at *3 (E.D. Tex. Dec. 28, 2010), *rec. adopted*, 2011 WL 288604 (E.D. Tex. Jan. 27, 2011).

> Rule 55 (b)(2) of the Federal Rules of Civil Procedure governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). A default judgment is available as long as the plaintiff establishes: (1) defendant has been served with the summons and complaint and default was entered for its failure to appear; (2) defendant is neither a minor nor an incompetent person; (3) defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if defendant has appeared in the action, that defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See, e.g.*, 50 App. U.S.C. § 521; FED. R. CIV. P. 55; *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006).
>
> In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *Id.* The clerk will enter default when default is established by an affidavit or otherwise. *Id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *Id.*
>
> The [United States Court of Appeals for the] Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments. *Rogers v. Hartford Life & Accident Ins. Co.,* 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."). This policy, however, is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936 (quoting *Pelican Prod. Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)); *see also Merrill Lynch Mortg. Corp. v. Narayan,* 908 F.2d 246, 253 (7th Cir. 1990) (noting that default

judgments allow courts to manage their dockets "efficiently and effectively").

> When making a determination as to whether or not to enter a default judgment, district courts are to consider the following factors: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998). Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party. *See id.*

*Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013).

Entry of default judgment is completely within the Court's discretion. *See Lindsey,* 161 F.3d at 893. And the Court appropriately enters default judgment when a defendant fails to answer or otherwise refuses to obey court orders. *See Bonanza Int'l, Inc. v. Corceller,* 480 F.2d 613, 614 (5th Cir. 1973); *see also McGrady v. D'Andrea Elec., Inc.,* 434 F.2d 1000, 1001 (5th Cir. 1970).

As stated above, even before the Clerk takes the first step to initiate the default judgment process under Rule 55, a defendant must properly be served with a summons and the complaint. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999) ("[A] defendant can not make an appearance for purposes of Rule 55(b)(2) until after the plaintiff effects service and the defendant becomes susceptible to default."). And, "[u]ntil [a defendant] is *properly* served," the plaintiff "cannot obtain a default judgment." *Thompson v. Johnson*, 348 F. App'x 919, 923 (5th Cir. 2009) (per curiam) (citations omitted and emphasis added); *see, e.g., Richardson v. Avery*, No.

3:16-cv-2631-M-BH, 2016 WL 7803155, at *2 (N.D. Tex. Dec. 22, 2016) ("The docket does not reflect that compliance with the requirements of Rule 4 for service of process. Until he has been properly served, 'the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment.' Absent proper service of process, a court lacks personal jurisdiction over the defendant, and any default judgment against the defendant would be void." (quoting *Rogers*, 167 F.3d at 937; citations and footnote omitted)), *rec. accepted*, 2017 WL 213056 (N.D. Tex. Jan. 17, 2017).

Although, here, the Clerk has entered default against Texas State Legislature, *see* Dkt. No. 38, the Court should look back at the method by which Lowe served this defendant. And the summons return executed as to this defendant indicates that Lowe served it by sending a summons (and presumably the complaint) to the Texas Attorney General by certified mail. *See* Dkt. No. 22; *see id.* at 3 (showing that Lowe sent the certified mailing and reflecting a file stamp indicating that the Attorney General received the certified mailing).

As to this defendant, "[s]ervice of process ... is governed by [Federal Rule of Civil Procedure] 4(j)(2), which sets out the requirements for service on state governments and governmental organizations." *Seal v. State of La.*, No. Civ. A. 05-629, 2005 WL 3543836, at*1 (E.D. La. Oct. 18, 2005) (addressing service as to several state-governmental entities, including "the Legislature of the State of Louisiana"). That rule, in applicable part, provides that

> [a] state ... or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of

each in the manner prescribed by the state's law for serving a summons
or like process on such a defendant.

FED. R. CIV. P. 4(j)(2).

As to this defendant, service on the Texas Attorney General is not effective under Rule 4(j)(2)(A), as that officer is clearly not the chief executive officer of the Texas legislature. And service under Texas law, through the use of certified mail, is also ineffective because the record reflects that Lowe – the plaintiff – attempted the service herself. *See* Dkt. No. 22 at 3.

Texas law provides for service by registered or certified mail, with return receipt requested. *Compare Gilliam v. Cty. of Tarrant*, 94 Fed. App'x 230, 230 (5th Cir. 2004) (per curiam) ("the use of certified mail is not sufficient to constitute 'delivering' under Rule 4" (citing *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993))), *with* TEX. R. CIV. P. 106(a)(2) ("Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto."); *see also Cross v. Grand Prairie*, No. 3:96-cv-446-P, 1998 WL 133143, at *6 (N.D. Tex. Mar. 17, 1998) ("Although Rule 4(e)(1) authorizes service pursuant to Texas law, absent prior authorization by the trial court, the only methods of service permitted in Texas are service in person or by registered mail." (citing TEX. R. CIV. P. 106(a))).

As to persons authorized to serve process under Texas law, Texas Rule of Civil Procedure 103 provides "that a sheriff, a constable, or any person authorized by law or

by written order of the court not less than 18 years of age may serve any process, '[b]ut *no person who is a party* to or interested in the outcome of the suit may serve any process in that suit.'" *Blanton-Bey v. Carrell*, No. H-09-3697, 2010 WL 1337740, at *2 (S.D. Tex. Mar. 26, 2010) (quoting TEX. R. CIV. P. 103; emphasis added by the court in *Blanton-Bey*); *see also Lucky v. Haynes*, No. 3:12-cv-2609-B, 2013 WL 3054032, at *2 (N.D. Tex. June 18, 2013) ("Upon amendment of the relevant [Texas] rules, federal district courts in Texas interpreting Texas Rule 103 have found that the clerk of the court or one of the three authorized persons in Rule 103 can serve process by certified mail." (citations omitted)).

This lack of proper service as to Defendant Texas State Legislature means that this defendant has not made "an appearance for purposes of Rule 55(b)(2)" and is currently not "susceptible to default." *Rogers*, 167 F.3d at 937.

## Recommendation

The Court should deny Lowe's motion for default judgment as to Defendant Texas State Legislature [Dkt. Nos. 37 & 39].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 7, 2017

 

 

_____

    DAVID L. HORAN
    UNITED STATES MAGISTRATE JUDGE