IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERRI R. LOWE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-704-G-BN |
| | § | |
| DALLAS POLICE DEPARTMENT, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior U.S. District Judge A. Joe Fish.

On September 19, 2017, the undersigned recommended that Plaintiff Sherri R. Lowe's motion for default judgment against Defendant Dallas Police Department ("DPD") and several John Doe defendants identified as Dallas police officers [Dkt. No. 48] be denied, *see* Dkt. No. 52. Lowe now again moves for default judgment against DPD, asserting new arguments. *See* Dkt. No. 53. And the undersigned recommends that the Court deny this motion for default judgment for the reasons stated in the September 19, 2017 recommendation as to the initial motion and for the reasons stated below.

**Applicable Background, Legal Standards, and Analysis**

Lowe asserts correctly that her initial complaint was filed in March 2017. She

also asserts that that complaint was amended on May 18, 2017. And, while she did, on that date, file, without leave of Court, a pleading titled Verified Tort for Damages and for Declaratory and Injunctive Relief [Dkt. No. 17], which could be construed as an amended complaint, she fails to mention that she already had filed, also without leave of Court, a first amended complaint on March 30, 2017, *see* Dkt. No. 7.

A plaintiff may amend her answer only "once as a matter of course" and only then within certain timeframes. FED. R. CIV. P. 15(a)(1). Additional amendments require either "the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2); *see, e.g., Mateo v. Dawn*, No. 14-CV-2620 (KMK), 2016 WL 5478431, at *7 (S.D.N.Y. Sept. 30, 2016) ("Plaintiff is permitted to amend his complaint once as a matter of right and any time thereafter with leave of the court." (citations omitted)).

Therefore, to the extent that Lowe claims that DPD is in default for not answering her May 18, 2017 complaint, *see* Dkt. No. 53 at 1 (asserting that DPD's "last day to submit answer or response was June 9, 2017"), that complaint is unauthorized, as she failed to obtain either the Court's leave or the defendants' written consent before filing it. Accordingly, DPD was not required to respond to it.

**Recommendation**

The Court should deny Plaintiff Sherri R. Lowe's September 26, 2017 motion for default judgment [Dkt. No. 53].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 29, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE