IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERRI R. LOWE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-704-G-BN |
| | § | |
| DALLAS POLICE DEPARTMENT, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* civil rights action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss the remaining claims in this action without prejudice under Federal Rule of Civil Procedure 41(b).

**Applicable Background**

On October 26, 2017, the Court dismissed without prejudice all claims except those that Plaintiff Sherri R. Lowe has asserted against unnamed Dallas Police Department ("DPD") officers in violation of the Fourth Amendment and procedural due process (the "DPD officers claims"). *See Lowe v. Dallas Police Dep't*, No. 3:17-cv-704-G-BN, 2017 WL 4863076 (N.D. Tex. Oct. 17, 2017), *rec. accepted*, 2017 WL 4838980 (N.D. Tex. Oct. 26, 2017). The next day, the undersigned entered an order requiring that

Lowe file, no later than November 17, 2017, an amended complaint that cures the deficiencies identified in the findings, conclusions, and recommendation. *See* Dkt. No. 61 (cautioning Lowe "that, if she fails to properly amend her remaining claims by November 17, 2017, those claims will be dismissed with prejudice, and this case will proceed only on the DPD officers claims" (emphasis omitted)).

Lowe failed to file an amended complaint by the court-imposed deadline. On December 13, 2017, therefore, the Court dismissed with prejudice all claims asserted by Lowe except the DPD officers claims. *See* Dkt. No. 62.

To address those claims, the undersigned entered an order on December 15, 2017 granting the motion to quash service of summons on the unnamed DPD officers [Dkt. No. 23] and requiring that Lowe provide, no later than January 16, 2018, a verified answer to an interrogatory aimed at identifying the unnamed officers so that service could be attempted, *see* Dkt. No. 63. That order provided:

> Because Lowe is proceeding *pro se* and – now only against unnamed defendants – she may be entitled to court-sanctioned discovery to determine the identity of the unnamed defendants, because her "failure to identify the John Doe defendant[(s) does not appear to be due to] contumaciousness or an attempt to delay the proceedings" and "'[i]t is conceivable that' readily available documentation would reveal the identit[y] of [the] John Doe defendant[(s)]." *Cowart v. Dallas Cty. Jail*, 439 F. App'x 332, 332-33 (5th Cir. 2011) (per curiam) (quoting *Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992); citation omitted); *see Green v. Doe*, 260 F. App'x 717, 719 (5th Cir. 2007) (per curiam) ("Although the use of a 'John Doe' is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants." (citing *Colle v. Brazos Cty., Tex.*, 981 F.2d 237, 243 n.20 (5th Cir. 1993))).
>
> The identification of the John Doe defendants, moreover, is necessary to the further progress of this action. Service of process is "fundamental to any procedural imposition on a named defendant" –

which is why service under Federal Rule of Civil Procedure 4 is "the official trigger for responsive action by an individual or entity named defendant," *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 353 (1999), and absent which "[a] federal court is without personal jurisdiction over a defendant," *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). And, as the Court has held, "a summons directed to a 'John Doe' is not proper under Rule 4(a)(1)(B) and therefore should be quashed as defective." *Lowe*, 2017 WL 4863076, at *10.

*Id.* at 1-2 (citation omitted). And that order cautioned Lowe that "failure to provide a verified answer to this question may result in the dismissal of the remaining claims in this action, under Federal Rule of Civil Procedure 41(b), for failure to prosecute and obey an order of the Court." *Id.* at 3.

## Legal Standards and Analysis

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). Under the same rule, a district court also "may *sua sponte* dismiss an action for failure to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted)). That authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*,

77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (citation omitted)).

By failing to provide the Court information needed to attempt service on the remaining defendants – and, moreover, by failing to respond at all to the Court's orders entered over almost the past five months – Lowe has prevented this action from proceeding, and she therefore has failed to prosecute her lawsuit and obey court orders. A Rule 41(b) dismissal of her remaining claims in this lawsuit without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Lowe decides to comply with the Court's pending order. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss the remaining claims in this action without

prejudice.

## Recommendation

The Court should dismiss the remaining claims in this action without prejudice under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 21, 2018

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE